| | | |
|---|---|---|
| JOSEPH OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 312 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert M. Dow |
| THOMAS DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants, Sheriff Thomas Dart and Cook County, by their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her assistant, Oscar Kpota, respectfully move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims brought against them in Plaintiff's Complaint:

### INTRODUCTION

Plaintiff, Joseph Owens, filed his Third Amended Complaint on November 28, 2017. [Dkt.40]. Plaintiff named Sheriff Thomas Dart ("Sheriff Dart"), and Cook County as Defendants. [*Id*. at p. 2]. Plaintiff has made a due process claim, a deliberate indifference claim, and a claim for intentional infliction of emotional distress ("IIED") [*Id*.]. Plaintiff's third Amended Complaint must be dismissed because 1) Plaintiff failed to state a plausible claim that he was deprived of a liberty interest, 2) failed to state an actionable claim against Sheriff Dart or Cook County, and 3) Plaintiff's IIED claim is barred by the statute of limitation.

### STATEMENT OF FACTS

Allegations taken from Plaintiff's Third Amended Complaint are presumed true solely for the purposes of this motion. Plaintiff alleges that for a period of 6 days, from November 29

until December 4, 2015, Plaintiff was incarcerated at the Cook County Department of Corrections ("CCDOC"). (Dkt. 40 at ¶ 18.) Plaintiff alleges that during those 6 days, the Defendants deprived him of his liberty interest by placing him in a "one person cell." (Dkt. 40 at ¶ 3.) Additionally, Plaintiff alleges that he should have been housed and treated at CCDOC according to his mental health needs and thus, that the Defendants acted in deliberate indifference to his medical and mental conditions. (Dkt. 40 at ¶ 5.) Lastly, Plaintiff alleges that Defendants acted in conscious disregard of his needs and caused him to suffer from severe emotional distress. (Dkt. 40 at ¶ 83-86.)

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to make "detailed factual allegations," but there must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

In reviewing the sufficiency of a complaint, the court should take the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 678). Nor should a court "strain to find inferences favorable to plaintiffs" or accept unreasonable inferences. *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 673 (7th Cir. 1992). The factual allegations in the claim must be sufficient to raise the

possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true; "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

I.      **COUNT I (DEPRIVATION OF LIBERTY INTEREST WITHOUT DUE PROCESS) MUST BE DISMISSED IN ITS ENTIRETY BECAUSE PLAINTIFF DID NOT HAVE A LIBERTY INTEREST IN BEING PLACED IN A ONE PERSON CELL.**

The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property. *Marion v. Radtke*, 641 F.3d 874, 875 (7th Cir. 2011) (per curiam). In order to state a due process claim, Plaintiff must 1) sufficiently demonstrate that the plaintiff was deprived of a protected life, liberty, or property interest; and 2) that the proper process was not afforded. *See Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017) (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016). Regarding the first prong, as relevant here, courts have recognized that prisoners do not have a liberty interest in remaining in the general population of a prison. *See Sandin v. Conner*, 515 U.S. 472, 480, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Indeed,"[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose" *Id.* at 2393 (quoting *Meachum v. Fano,* 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976)). Instead, placement in confinement implicates a liberty interest only when the conditions of segregation impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486. In this context, the Seventh Circuit has repeatedly found that inmates do not have a liberty interest in avoiding brief periods of administrative or disciplinary confinement.

In *Crist v. Russell*, the plaintiff was placed in temporary confinement pending a disciplinary hearing. *Crist v. Russell*, Case No. 95 C 5333, 1996 U.S. Dist. LEXIS 691, at *2 (N.D. Ill. Jan. 24, 1996). *Id*. Plaintiff filed a 42 U.S.C.S. § 1983 action and contended that he was improperly detained in segregation. *Id*. Plaintiff further filed a motion for leave to file in forma pauperis. *Id*. The court denied the motion and dismissed the action finding that while improper segregation could create a liberty interest, 30 days in segregation, in conditions that were not materially different from administrative segregation or protective custody, did not create the type of atypical, significant deprivation in which a State might conceivably have created a liberty interest. *Id* at *4.

In *Townsend v. Fuchs*, the plaintiff claimed that the defendant violated the inmate's Fourteenth Amendment due process rights by placing him in temporary lock-up (TLU) for 59 days without first affording him a hearing. *Townsend v. Fuchs*, 522 F.3d 765, (7th Cir. 2008). The inmate alleged that, while in TLU, he was required to sleep on a wet, moldy, and foul-smelling mattress placed on the floor. *Id* at 769. He further claimed that he asked the officer to give him a clean mattress and that the officer refused to do so. *Id*. The Court found that the plaintiff had no liberty interest in avoiding placement in administrative, protective, or investigative confinement. *Id* at 775. Thus, because plaintiff's placement in TLU was brief and discretionary his claim would fail regardless of whom he named as a defendant. *Id*.

More recently in *Nichols v. Best*, Plaintiff filed a 42 U.S.C. § 1983, claiming that he was deprived from his liberty interest when he was placed in segregation at the Stateville Correctional Center without due process. *Nichols v. Best*, No. 15 C 2946, 2017 U.S. Dist. LEXIS 142596, at *1 (N.D. Ill. Sep. 5, 2017). The court explained that with respect to short durations of segregated confinement, such as the 60-day duration at issue in this case, the Seventh Circuit had

"affirmed dismissal[s] without requiring a factual inquiry into the conditions of confinement." *Marion*, 559 F.3d at 698, citing *Townsend* at 766 (59 days); *see also Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (2 months); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days). The court, finding in favor of the defendants, noted that while the Seventh Circuit urged courts to be wary of the potential psychological consequences of quasi-solitary confinement, even for a short duration, it remained the law that inmates "do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *See Smith v. Akpore*, No. 16-3608, 2017 U.S. App. LEXIS 9504, at *2 (7th Cir. May 31, 2017) (citing *Kervin v. Barnes*, 787 F.3d 833 (7th Cir. 2015)) (concluding that the plaintiff's "30 days in investigative segregation and approximately 3 months in disciplinary segregation were not long enough to raise a concern under the Due Process Clause"). *Id.*

Here, Plaintiff's allegations fall woefully short of stating an actionable claim. Plaintiff alleges that he was booked on November 29 and immediately placed in a one person cell. Plaintiff's allegations demonstrate that he was not placed in a "one person cell" for disciplinary reasons but rather for administrative reasons or inmate population control. Plaintiff never had a liberty interest in avoiding placement "in a one person cell." *See Sandin* at 480 ( inmates "do not have a liberty interest in remaining in the general population of a prison."); *See* also *Meachum v. Fano,* 427 U.S. 215, 225 (1976)("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.")

Assuming, this court decided to look at the duration of his incarceration to determine if Plaintiff, in fact, had a liberty interest, Plaintiff's Count I should still be dismissed. Inmates do not have a liberty interest in avoiding brief periods of administrative or disciplinary confinement. Plaintiff's claim that his "continued placement in a one-person cell was inappropriate in light of

5

his physical and mental disorder [,]" does not create a cause of action or save this claim from dismissal. Indeed, Plaintiff alleges that his placement in a "one person cell" lasted a total of 6 days. Even assuming this to be true, Plaintiff's time spent in segregation falls short of the amount of time required to trigger a factual inquiry into the conditions of confinement and did not create the type of atypical, significant deprivation which might have created a liberty interest. *See Crist*, 1996 U.S. Dist. LEXIS, 691 at *4 (1996); *See Townsend*, 522 F.3d 765 (7th Cir. 2008); s*ee Marion*, 559 F.3d 693, 696 (7th Cir. 2009); *see also Nichols v. Best*, 2017 U.S. Dist. LEXIS 142596, at *15. Thus, Plaintiff has failed to state a plausible due process claim in his now third amended Complaint and this Court should dismiss this claim with prejudice.

II.    **PLAINTIFF FAILED TO STATE A MONELL CLAIM AGAINST COOK COUNTY AND FAILED TO STATE AN INDIVIDUAL OR OFFICIAL CAPACITY CLAIM AGAINST SHERIFF DART.**

Plaintiff's count II brings many theories of potential liability against a large number of Defendants; however, Plaintiff neglects to provide sufficient facts to support his theories of liability against Cook County and Sheriff Dart, in his individual, or Official Capacity.

Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

In contrast to individual capacity claims, it is well-established that state governmental agencies or employees cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy, or practice. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). Courts have identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted).

Plaintiff's Third Amended Complaint does not reference any individual actions taken by Sheriff Dart. Indeed, Plaintiff never alleges that Sheriff Dart was personally involved in the decision to deprive him from medical treatment. Similarly, Plaintiff never alleges that Sheriff Dart was part of the alleged decision to place Plaintiff in a one person cell during the total of six days he spent at CCDOC. At best, liberally construed, Plaintiff has made a *respondeat superior* allegation against Defendant Dart because of his supervisory position. That is not sufficient under Section 1983. Plaintiff has simply made no allegations at all against Sheriff Dart in his individual capacity, and such claims must be dismissed from this action. At the same time, however, the Third Amended Complaint seeks punitive damages from Sheriff Dart even though such damages are not available in an official capacity claim. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); s*ee City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

As to Plaintiff's official capacity claims, Plaintiff's rote repetition of the word "deficiencies" does not operate as magic words sufficient to overcome the requirements of *Iqbal* or *Twombly*. Plaintiff must, with facts, identify the policy or practice at issue, and explain how it was the "moving force" behind any alleged constitutional violation.

The Northern District recently examined this issue in *Johnson v. Sheriff of Cook County*, No. 15-CV-741, 2015 U.S. Dist. LEXIS 55748, at *4 (N.D. Ill. Apr. 24, 2015) (J. Guzman). There, the plaintiff stated that the "failure of medical personnel to provide plaintiff's decedent with the prescription medication he required to avoid death was a result of the widespread practice at issue in *Parish v. Sheriff,* 03-cv-4369". The court found this insufficient, stating that "a complaint must allege facts, and Plaintiff's cursory reference to a 'widespread practice' as alleged in another case does not raise the plausibility of a *Monell* claim against the Sheriff's Office above a speculative level in this case." *Id*. at *5. Given that "Plaintiff's complaint contains *no* specific factual allegations against the Sheriff's Office", the court granted Sheriff Dart's motion to dismiss in *Johnson*. *Id*. at *4-5.

Additionally, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown, 520 U.S. 397, 404* (1997); *Polk County v. Dodson,* 454 U.S. 312 (1981). To demonstrate liability for a harmful policy or practice, plaintiff must show defendant was "deliberately indifferent as to [the] known or obvious consequences." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). In this context, deliberate indifference means that "a reasonable policy maker [would] conclude that the plainly obvious consequences' of the [Sheriff's] actions would result in the deprivation of a federally protected right." *Id*., *citing Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 411 (1997); *see* also *Frake v. City of Chicago*, 210 F.3d 779, 782 (7th Cir.

2000) (stating that a finding of deliberate indifference requires a showing that policymakers "were aware of a substantial risk" of a constitutional violation and "failed to take appropriate steps to protect [plaintiffs] from a known danger"); *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). Thus, Plaintiff must sufficiently show that defendants Cook County and Sheriff Dart were aware of a substantial risk and failed to take appropriate steps to protect Plaintiff from a known danger.

In order to impute knowledge to policymakers of a widespread practice, however, plaintiff must show a pattern of constitutional violations; a single act of misconduct will not suffice. See *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008)(four incidents affecting the plaintiff not sufficient to show a "widespread unconstitutional practice"); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005)(three incidents of improper pepper-spraying insufficient to show widespread practice); *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995); *Caldwell*, 959 F.2d at 673 (7th Cir. 1992) ("drawing a reasonable inference that a municipal custom or policy exists when he has only pled one incident….requires a leap in logic that we are unwilling to take.").

Plaintiff's Complaint fails to state a plausible claim that Cook County or Sheriff Dart have a policy that caused Plaintiff's alleged injury. Plaintiff just repeats the same formulaic claims and "the trigger words required of a *Monell* claim with absolutely no factual content to demonstrate a widespread practice" of any sort. See *Foy v. City of Chicago*, 2016 U.S. Dist. LEXIS 63346, *31 (N.D. Ill. May 12, 2016). For example, Plaintiff repeats the word "deficiencies" and then claims that Sheriff Dart was "deliberately indifferent to the consequences of failing to work with Cermak's to develop and maintain a curriculum for initial and periodic training for CCDOC officers to recognizer and timely refer inmates medical and mental health

conditions for treatment."(Dkt. 40 at p 16 ¶74.) Similarly, Plaintiff states that Cook County was "deliberately indifferent to the consequences of Cermak's failure to work with CCDOC to develop and maintain a curriculum for initial and periodic training for CCDOC to develop and maintain a curriculum for initial and periodic training for CCDOC officers to recognize and timely refer inmates' medical and mental health conditions for treatment." (Dkt. 40 at p 17 ¶77.) In *Harris v. Kruger,* the Chicago Police Department was alleged to facilitate the very type of training deficiency at issue here "by failing to adequately punish and discipline prior instance[s] of misconduct." *Harris v. Kruger, et al.*, 2015 U.S. Dist. LEXIS 6977, at*14 (N.D. Ill. Jan. 22, 2015.) Just as in the instant case, the plaintiff in *Harris* "pled many of the terms required of a *Monell* claim, but absolutely no facts." *Id*. Just as in *Harris*, this Court should dismiss Plaintiff's official capacity claims.

In an effort to support his *Monell* claim, Plaintiff cites an irrelevant July 2008 investigation and report by the US Department of Justice. The DOJ Letter and the Agreed Order entered in *United States v. Cook County*, 10 C 2946, which arose from the issuance of the DOJ Letter, are not relevant to the instant claims. *See Bonilla v. Jaronczyk*, 354 Fed. Appx. 579, at * 5-6 (2d Cir. 2009) (district court did not err where it excluded DOJ letter regarding conditions at Nassau County Jail because the letter was irrelevant and only contained "general discussions of constitutional violations [that] did not implicate the facts of this case or name any of the individual defendants."); *see also Brame v. Dart*, 2010 U.S. Dist. LEXIS 134564, at **27-28 (N.D. Ill. Dec. 20, 2010) (DOJ Letter made findings "generally" but the specific evidence in that case, as to that plaintiff, showed no constitutional violation).

In the present case, the DOJ Letter, and subsequent report, Plaintiff relies on are irrelevant to the current allegations in Plaintiff's Complaint. The investigation described in the

DOJ Letter was conducted in 2007. The agreed order was not entered until 2010. Plaintiff did not enter Cook County Jail as a pre-trial detainee until November 29, 2015 more than five (5) years later. Additionally, Plaintiff omits that the report took into consideration different inmates who may no longer be incarcerated, different correctional officers who may no longer be employed, and a completely different set of circumstances that is not relevant to what is alleged to have taken place from November 29 to December 4th, 2015 - the time period of this complaint. Lastly, Plaintiff's 2008 DOJ letter, and subsequent order, cannot be used to support Plaintiff *Monell* claim because much like in *Bonilla* or *Brame* they are irrelevant and do not "implicate the facts of this case[.]"

The only factual allegation of a failure to provide adequate medical care is Plaintiff's own six days experience in incarceration. There are thus no facts to show the existence of a widespread policy or practice that Defendants Cook County and Sheriff Dart could have been aware of, let alone one to which they could have been deliberately indifferent. *See Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (plaintiff must allege sufficient facts to make it plausible that defendant was "deliberately indifferent as to [the] known or obvious consequences."). The only facts provided are related to Plaintiff's own experiences, and a single alleged failure to provide medical attention does not establish liability under *Monell*. Plaintiff's claim fails to allege a pattern, practice, or policy that was the moving force behind any constitutional injury, and thus fails to state an official capacity claim against Sheriff Dart or Cook County.

III. **COUNT III (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-IIED) MUST BE DISMISSED IN ITS ENTIRETY BECAUSE IT WAS FILED AFTER THE ONE-YEAR STATUTE OF LIMITATIONS EXPIRED.**

Courts may rule on whether a plaintiff's lawsuit is barred by a statute of limitations in a

Rule 12(b)(6) motion if "a plaintiff pleads facts that show its suit [is] barred by a statute of limitations, [then] it may plead itself out of court…" *Haynes v. City of Chicago*, 2008 WL 1924891, *2 (N.D. Ill. 2008) (*citing Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)). If the complaint indicates that the time limit for plaintiff's claim has passed, then the plaintiff cannot avoid the statute of limitations. *Id*. Generally, in Illinois, a §1983 claim enjoys a two-year statute of limitation. *Id.* However, any state law claim joined with a §1983 claim is only permitted if filed within the one-year statute of limitation. *Id.* The Local Governmental and Governmental Tort Immunity Act ("Illinois Tort Immunity Act") bars any claims against any local entity or its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. 745 ILCS §10/8-101(a).  Claims of intentional infliction of emotional distress are construed as a "continuing tort" and accrue on the date of the last injurious act. "A continuing [tort] is occasioned by continuing unlawful acts and conduct, not by continually ill effects from an initial violation." *Feltmeier v. Feltmeier,* 207 Ill. 2d 263, 798 N.E.2d 75, 85 (Ill. 2003); *see* also *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). While subsequent damages may flow from that single, overt act, the statute begins to run on the date of the actionable conduct despite the continuing nature of the injury. *Haynes v. City of Chicago*, 2008 WL 1924891 at *4. Thus, the court must look to the date of the last single, overt act to determine when the statute of limitations begins to run.  *Id*.

In the present case, according to Plaintiff's amended complaint, the arrest and alleged injury occurred on November 29th, 2015. The state court dismissed the underlying criminal charges on December 4th, 2015 and Plaintiff was released on the same date. Plaintiff's first Complaint was filed on March 31, 2016 and made no allegations of intentional infliction of emotional distress. Plaintiff's Second and Third Amended Complaints were filed on October 18,

2017 and November 29, 2017, respectively: almost two years after the alleged conduct. Plaintiff's intentional infliction of emotional distress claim needed to be brought no later than December 4, 2016. Plaintiff did not do so and, accordingly, count III should be dismissed with prejudice because it was filed more than one year after the cause of action accrued.

## CONCLUSION

WHEREFORE, Defendants Cook County and Sheriff Dart respectfully request this Honorable Court dismiss Plaintiff's Third Amended Complaint against them for failure to state a claim upon which relief can be granted, because Plaintiff's count III was filed one year after the statute of limitation expired, and enter such further relief as this Court deems just and appropriate.

Respectfully submitted,

By:    */s/ Oscar S. Kpota*
Oscar S. Kpota
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312-603-3304